IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEAN MCGARRY,

    Plaintiff,

v.                                                    Civ. No. 10-251 RLP/WDS

VILLAGE OF CAPITAN and
JAMES DAVIS, individually and
in his capacity as Trustee,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Stipulated Motion to Amend and Defendants' Motion to Dismiss the Complaint, filed pursuant to Fed.R.Civ.P. 12(b)(6). The Court grants the Stipulated Motion to Amend, which corrects the Defendant John Davis' name to James Davis. For the reasons set forth below, the Court reserves ruling on the Motion to Dismiss, giving Plaintiff 15 days to again amend his complaint.

Plaintiff alleges that during the relevant time period, he was a full-time commissioned law enforcement officer employed by the Village of Capitan, New Mexico. Complaint, ¶ 7. Defendant Davis was an "elected member of the Village of Capitan legislative body commonly known as the Board of Trustees." Id. at ¶ 3. He states that Defendant, with the assistance of the Capitan Village Clerk, looked through Plaintiff's personnel folder in violation of state and federal laws. Id. Defendants argue that Plaintiff has failed to state a claim for relief and also raise the defense of qualified immunity.

When ruling on a Motion to Dismiss under Rule 12(b)(6), the Court assumes the truth of the "well-pleaded" facts in the complaint and draws reasonable inferences in the

light most favorable to the plaintiff. *Phillips v. Bell*, 365 Fed.Appx. 133, 137 (10th Cir. 2010) (unpublished opinion) (citing *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).  "This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements." *Id.* (citing *Ashcraft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009)).  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (courts are not required to accept as true a legal conclusion couched as a factual allegation).

"'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted' under Rule 8(a)(2).  *Id.* at 137-38 (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)), *cert. denied*, -- U.S.--, 130 S.Ct. 1142 (2010)) (brackets omitted).  Pursuant to *Twombly* and *Iqbal*, the standard is whether the plaintiff's allegations, assumed to be true, have set forth a plausible, not speculative, claim for relief.  *Twombly*, 550 U.S. at 555.

When a party moves for dismissal for failure to state a claim and raises the defense of qualified immunity, the Court undertakes a two-part determination.  First, a court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson v. Callahan*, --- U.S. ----, 129 S.Ct. 808, 815-16 (2009) (citation omitted). This court has discretion to address these inquiries in any order. *See id.* at 818. And it is the plaintiff who bears the burden of making this two-part showing. *See Hobbs ex rel. Hobbs v. Zenderman*, 579 F.3d 1171, 1183 (10th Cir.2009).

Plaintiff's Complaint alleges a "violation of the Constitutional right to privacy and a violation of liberty interest" and he brings these claims under 42 U.S.C. § 1983. He alleges that the New Mexico Inspection of Public Records Act, NMSA (1978) § 14-2-1, *et seq*. prohibits dissemination of confidential personnel materials.[1]  Plaintiff next cites to the Village of Capitan's Ordinance 3.16C, which provides in pertinent part that municipal employees' personnel files are confidential and not to be disclosed, citing to the aforementioned Inspection of Public Records Act.  *See* Complaint, ¶ 13.  However, as Defendants point out, Part B(1)(a)-(d) of the ordinance provides:

> 1. Complete access to personnel records is restricted to the following persons:
>
>    a. The employee;
>    b. The mayor;
>    c. The village clerk; and
>    d. The board of trustees

Plaintiff argues this means the entire board, not any single member. Plaintiff alleges at the relevant time period, Defendant James Davis was an "elected member of the Village of Capitan legislative body commonly known as the Board of Trustees."  Complaint, ¶ 3. He states that Defendant James, with the assistance of the Village Clerk, reviewed Plaintiff's personnel file which contained confidential materials.  He wants the Court to infer that Defendant had a personal motive for reviewing the file ("Upon information and belief, Defendant Davis is a part of a local political faction adverse to . . . McGarry remaining on the Capitan police force.  Upon information and belief, Davis sought the confidential records

---

[1] The Court is unsure of the applicability of that Act to this case, because the Act only provides a cause of action when a citizen has been *denied* access to public records. *See* §§ 14-2-5 & 14-2-12.

in McGarry's file to politically embarrass McGarry . . . in order to have him terminated from employment.")  Complaint, ¶ 21.

The allegedly confidential information concerns an "investigation by the New Mexico Department of Public Safety regarding allegations [Plaintiff] had not properly disclosed military discharge information in connection with his re-certification as a commissioned police officer in New Mexico[; and] "records pertaining to [Plaintiff's] fitness for duty psychological evaluation; medical records and specific documents relating to information on the ongoing investigation."  Complaint, ¶¶ 17 & 19.

Constitutional Right to Privacy.

The United States Supreme Court has noted two types of constitutional privacy issues: the individual's interest in avoiding disclosure of personal matters and the individual's interest in autonomous decision-making on personal matters.  *Whalen v. Roe*, 429 U.S. 589, 598-600 (1977).  Only the first type of privacy is at issue here.

The Tenth Circuit Court of Appeals has held that "[d]ue process . . . implies an assurance of confidentiality with respect to certain forms of personal information possessed by the state."  *Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir.), *cert. denied*, 516 U.S. 817 (1995).  Information is subject to constitutional protection when an individual has a legitimate expectation of confidentiality.  *Id*.

> In ascertaining whether a certain type of information is given [constitutional] protection, the court must consider (1) if the party asserting the right has a legitimate expectation of privacy [in the information], (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner.

*Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1155 (10th Cir. 2001) (citation & internal quotation marks omitted).

"Mere allegations that an official failed to abide by state law will not suffice to state a constitutional [privacy] claim. The disclosed information itself must warrant constitutional protection" *Id.* (citing *Nilson v. Layton City*, 45 F.3d 369, 371 (10th Cir. 1995)). "For such information to warrant protection, it must be 'highly personal or intimate." *Id.* (citing *id.*)

Plaintiff's claims are problematic for two reasons: first, the information in his personnel file is directly related to his fitness for re-certification; and second, there are no allegations that Defendant Davis disseminated the information or used it to Plaintiff's detriment. The Court disagrees with Defendants that the ordinance allows any Board of Trustee member to access the personnel file of any employee. The clear import of the ordinance is that the Board of Trustees, as a governing body, may review a file to determine fitness for employment; it does not give license to any one individual Trustee to rifle through personnel files.

That being said, however, there is nothing in Plaintiff's allegations to indicate that the information contained in his personnel file merits constitutional protection. By his own admission, the mayor and others were aware of an investigation concerning his re-certification and he had no expectation of privacy concerning these personnel matters. As the Court indicated previously, the complaint lacks any allegation that the information in Plaintiff's personnel file was made public or formed the basis of an adverse action against him.

Liberty Interest.

Plaintiff has a liberty interest in his reputation, but he has failed to allege that his reputation was damaged in connection with an adverse action taken against him and this is fatal to his claim. *See Stidham*, 265 F.3d at 1153 (defamatory statements must be, *inter*

5

*alia*, published and (1) occur in the course of terminating the employee or (2) foreclose other employment opportunities); *see Flanagan v. Munger*, 890 F.2d 1557, 1571 (10th Cir. 1989). "In other words, 'defamation, standing alone, [is[ not sufficient to establish a claim for deprivation of a liberty interest.'" *Stidham*, 265 F.3d at 1153 (quoting *Renaud v. Wyoming Dep't of Familty Servs.*, 203 F.3d 723, 726-27 (10th Cir. 2000).

Plaintiff's complaint contains speculation about Defendant James' motives (a desire to embarrass), but alleges no concrete facts concerning publication or adverse action. Therefore, the Court finds that the allegations concerning a violation of his liberty interests necessarily fail.

Based on the foregoing, the Court finds that Plaintiff has failed to meet his burden of showing the Court how his constitutional interests were implicated by the actions of Defendants. In short, he has failed to show the violation of a constitutional right. *Pearson*. Plaintiff's allegations have failed to move from the speculative to the plausible. *Twombly*.

Nonetheless, the Court will reserve its ruling on the Motion to Dismiss and allow Plaintiff 15 days to amend his complaint to come within the parameters of *Twombly* by alleging specific facts sufficient to survive a Motion to Dismiss. Defendants may file a supplemental Fed.R.Civ.P. 12(b)(6) Motion, if warranted, when the amended complaint is filed.

Plaintiff is on notice that the Court may grant the Motion to Dismiss without further briefing when the amended complaint is filed.

IT IS THEREFORE ORDERED that Plaintiff's Stipulated Motion to Amend [Doc. 12] is granted; and

IT IS FURTHER ORDERED that Plaintiff shall have 15 days to submit a second Amended Complaint at which time the Court will enter its ruling on the Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Richard L. Puglisi
Chief United States Magistrate Judge