IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEAN MCGARRY,

    Plaintiff,

v.                                                      Civ. No. 10-251 RLP/WDS

VILLAGE OF CAPITAN and
JAMES DAVIS, individually and
in his capacity as Trustee,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's "Motion to Reinstate [Fed.R.Civ.P. 60B(1)]." On July 30, 2010 the Court entered its Memorandum Opinion and Order [Doc. 13] on Defendant's Motion to Dismiss. The Court noted that the complaint as filed did not comport with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcraft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937 (2009). Rather than granting the Motion to Dismiss, the Court allowed Plaintiff 15 days to submit an amended complaint.

The time-limit passed with no filing and the Court entered its Order of Dismissal on August 19, 2010. One week later Plaintiff filed the instant motion, his attorney claiming in the brief, and not by way of affidavit, that although he had drafted the amended complaint there was a mis-communication with secretarial staff. He seeks relief under Rule 60, which allows relief from final judgment for, *inter alia*, "excusable neglect." Fed.R.Civ.P. 60(b)(1).

The Court declines to grant Plaintiff's Motion. First, he has neglected to submit to the Court a copy of this amended complaint. Second, attorney office disarray does not constitute excusable neglect. *See Friedman v. State University of New York*, 2006 WL

2882980, *2 (N.D.N.Y. 2006) (unpublished decision) (citing cases and authorities).  Third, carelessness is not a basis for relief.  *Vasquez v. Neal*, 182 F.3d 934, 1999 WL 350960, *5 (10th Cir. 1999) (unpublished opinion) (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

And although Rule 60(b)(6) has a catch-all provision to allow a court to grant relief from a judgment, that provision requires "extraordinary circumstances and only when necessary to accomplish justice."  *Id.* (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).  Neither has been shown here.  Although the Court has not seen the amended complaint, Defendants assert that all Plaintiff did was to insert the phrase "upon information and belief" in front of his conclusory allegations.  The Court agrees with Defendants that it is insufficient to overcome the explicit deficiencies noted in the Court's Memorandum Order and Opinion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reinstate [Doc. 16] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
Chief United States Magistrate Judge